UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JAMES ALGER,

        Plaintiff,

    v.

RODNEY RIGGS,

        Defendant.

Case No.  5:25-cv-08254-BLF

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

[Re: ECF No. 17]

Plaintiff James Alger moves for default judgment against Defendant Rodney Riggs, d/b/a/ Candyland and d/b/a As Seen On TV.  ECF No. 17 ("Mot.").  The Court finds the matter suitable for decision without oral argument and VACATES the hearing set for June 25, 2026.  *See* Civ. L.R. 7-1(b).

For the following reasons, the motion is GRANTED.

## I.  BACKGROUND

Plaintiff initiated this action on September 28, 2025, and filed the first amended complaint the same day.  ECF No. 4 ("FAC").  The FAC alleges as follows.  Plaintiff has been diagnosed with Charcot-Marie-Tooth disease ("CMT"), an inherited neurological disorder that damages the peripheral nerves responsible for muscle control and sensation in the arms, legs, hands, and feet. FAC ¶ 8.  To maintain mobility, he relies on a wheelchair.  *Id.* ¶ 8.  Defendants own and operate two facilities on Cannery Row called Candyland and As Seen On TV (together, the "Facilities"). *Id.* ¶ 1.

On the evening of July 5, 2025, Plaintiff visited the Monterey Bay Aquarium, which, like the Facilities, is located on Cannery Row.  FAC ¶ 14.  Upon exiting the aquarium and heading toward his vehicle in his wheelchair, he proceeded into the adjacent shopping area, entering the

Facilities. *See id.* He first entered Candyland, where he immediately faced barrels and display racks that were narrow (twenty-three inches wide at the narrowest point), which made it difficult for him to navigate. *Id.* ¶ 15. He then proceeded to As Seen On TV, which led into a crowded space where racks of merchandise left only narrow paths, which were again too tight for him to comfortably navigate in his wheelchair. *Id.* ¶ 16. Certain parts of the Facilities were completely inaccessible due to the arrangement of the merchandise. Plaintiff was able to complete purchases at the Facilities, "although with considerable difficulty." *Id.* ¶ 21. Plaintiff subsequently visited the Facilities again on July 27, 2025, where he encountered the same difficulties. *Id.* ¶ 25.

Plaintiff filed the FAC on September 28, 2025, for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"); Unruh Civil Rights Act, Cal. Civ. Code § 51; and California Disabled Persons Act, Cal. Civ. Code § 54. FAC ¶¶ 43–75. Plaintiff moved for entry of default against Defendant on December 3, 2025. ECF No. 14. The Clerk entered default against Defendant on December 5, 2025. ECF No. 15. Plaintiff subsequently moved for default judgment.

## II.    LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action, who is neither a minor nor an incompetent person, and against whom a judgment for affirmative relief is sought. *See* Fed. R. Civ. P. 55(a). After default has been entered, a court may enter default judgment. *Id.* 55(b)(2); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

In deciding whether to enter default judgment, courts in the Ninth Circuit consider the *Eitel* factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

In considering the *Eitel* factors, all factual allegations in the complaint are taken as true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and

United States District Court
Northern District of California

2

the record, the court may either conduct an evidentiary hearing or proceed on documentary evidence submitted by the plaintiff.  *See Johnson v. Garlic Farm Truck Ctr. LLC*, No. 20-cv-03871-BLF, 2021 WL 2457154, at *2 (N.D. Cal. June 16, 2021).

### III.   DISCUSSION

#### A.  Jurisdiction and Service

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and parties."  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  When a plaintiff requests default judgment, the court must also assess whether the defendant was properly served with notice of the action.  *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982); *Solis v. Cardiografix*, No. 12-cv-01485-EJD, 2012 WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012).

The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the FAC states a claim under the ADA.  The Court also has personal jurisdiction over Defendant, who the FAC alleges is an "owner, operator, lessor, and/or lessee" of the Facilities, which are located in this judicial district.  FAC ¶¶ 1, 9.  Defendant was also personally served in this judicial district.  ECF No. 12.  "In-state personal service also serves as a basis for personal jurisdiction."  *Water Wheel Camp Recreational Area, Inc. v. LaRance,* 642 F.3d 802, 819 (9th Cir. 2011)

The Federal Rules of Civil Procedure allow service on an individual within a judicial district of the United States by the methods outlined in the rule itself, as well as by the methods permitted under the laws of the forum state and the state in which service is attempted.  *See* Fed. R. Civ. P. 4(e).  Here, Plaintiff's process server personally served Defendant with the summons, the complaint, the amended complaint, and other related materials in accordance with Federal Rule of Civil Procedure 4(e)(2)(A) and California Code of Civil Procedure § 415.10.  *See* ECF No. 12.

#### B.  *Eitel* Factors

Having concluded that the threshold requirements of service and jurisdiction are met, the Court turns to the *Eitel* factors.  For the reasons discussed below, the *Eitel* factors support default judgment on Plaintiff's claims.

United States District Court
Northern District of California

### 1. Possibility of Prejudice

The first *Eitel* factor requires the Court to consider whether Plaintiff would be prejudiced if default judgment is not entered.  Unless default judgment is entered, Plaintiff will have no other means of recourse against Defendant.  As such, Plaintiff will be prejudiced if default judgment is not entered.  *Ridola v. Chao*, No. 16-cv-02246-BLF, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018) (explaining that the first *Eitel* factor weighs in favor of default judgment where plaintiff otherwise "would have no other means of recourse against Defendants for the damages caused by their conduct"); *accord PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  The first *Eitel* factor therefore weighs in favor of granting default judgment.

### 2. Merits of Claims and Sufficiency of the Complaint

The second and third *Eitel* factors address the merits and sufficiency of Plaintiff's claims.  Courts often analyze these two factors together.  *See, e.g.*, *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together.").  These factors require Plaintiff to state a claim on which he may recover.  *Kloepping v. Fireman's Fund*, No. 94-cv-02684-TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996).  "Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).  "[T]he general rule is that well-pled allegations in the complaint regarding liability are deemed true."  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

#### a. ADA

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).  Under the ADA, the

4

term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

To prevail on his ADA claim, Plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Plaintiff was denied public accommodations by Defendant because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). "To succeed on a[n] ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Johnson v. Beahm*, No. 11-cv-0294-MCE-JFM, 2011 WL 5508893, at \*2 (E.D. Cal. Nov. 8, 2011) (quoting *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)).

The FAC alleges that Plaintiff has CMT, which substantially limits his major life activities and causes him to rely on a wheelchair for mobility. FAC ¶ 8. This meets the definition of disability under the ADA. *See* 42 U.S.C. § 12102(2)(A). The FAC alleges that Defendant operates the Facilities, stores that are open to the public. FAC ¶¶ 10–12, 46. The Facilities constitute places of public accommodation under the ADA. *See* 42 U.S.C. § 12181(7). To determine whether a denial of public accommodations has occurred, the Court assesses whether the challenged conditions constitute accessibility barriers and are readily achievable to remediate. *Chapman v. Pier 1 Imps. (U.S.) Inc.,* 631 F.3d 939, 947 (9th Cir. 2011). The narrow interior aisles and limited turning space set forth in the FAC meet these standards. *See, e.g.*, *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011). Plaintiff has accordingly made out a prima facie Title III discrimination claim under the ADA.

### b. Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of

United States District Court
Northern District of California

5

every kind whatsoever." Cal. Civ. Code § 51(b). To prevail on his disability discrimination claim under the Unruh Civil Rights Act, Plaintiff must establish that (1) Plaintiff was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) Plaintiff's disability was a motivating factor for this denial; (3) Defendant denied Plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) Defendant's wrongful conduct caused Plaintiff to suffer injury, damage, loss or harm. Cal Civil Jury Instructions (BAJI), No. 7.92 (Spring 2009). Any any violation of the ADA necessarily constitutes a violation of the Unruh Civil Rights Act. *See* Cal. Civ. Code § 51(f).

Because the FAC properly sets out the necessary elements for Plaintiff's ADA claim, Plaintiff has also properly set out the necessary elements for his Unruh Civil Rights Act claim. *See Johnson v. Singh*, No. 10-cv-02547-KJM-JFM, 2011 WL 2709365, at *3–4 (E.D. Cal. July 11, 2011).

### c.   California Disabled Persons Act

The California Disabled Persons Act provides: "Individuals with disabilities . . . have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings, . . . public facilities, and other public places." Cal. Civ. Code § 54. "Individuals with disabilities shall be entitled to full and equal access, as other members of the public, to accommodations, . . . facilities, . . . lodging places, places of public accommodation, amusement, or resort, and other places to which the general public is invited." *Id.* § 54.1. "The [California Disabled Persons Act] is intended to secure to disabled persons the same right as the general public to the full and free use of facilities open to the public." *Turner v. Ass'n of Am. Med. Coll.*, 167 Cal. App. 4th 1401, 1412 (2008). A violation of the ADA constitutes a violation of the California Disabled Persons Act. Cal. Civ. Code § 54(c).

"Because a violation of the ADA necessarily constitutes a violation of the [California Disabled Persons Act], Plaintiff has adequately stated a claim for a violation of the [California Disabled persons Act]." *Elguezabal v. Ramirez*, No. 15-cv-01263-SJO-ASX, 2015 WL 13918450, at *4 (C.D. Cal. June 10, 2015).

### 3.   Sum of Money at Stake

6

Under the fourth *Eitel* factor, the Court must consider the amount of money at stake in relation to the seriousness of the Defendant's conduct. "Default judgment is disfavored when a large amount of money is involved or unreasonable in light of the potential loss caused by the defendant's actions." *HICA Educ. Loan Corp. v. Warne*, No. 11-cv-04287-LHK, 2012 WL 1156402, at *3 (N.D. Cal. Apr. 6, 2012). The Unruh Civil Rights Act provides for a minimum statutory damage amount of $4,000 per violation, and "any attorney's fees that may be determined by the court in addition thereto." Cal. Civ. Code § 52(a). Plaintiff seeks $8,000 in damages for violation of the Unruh Civil Rights Act, based on two actual visits to the Facilities. FAC ¶¶ 1, 2. Plaintiff seeks $7,201.02, in attorney fees, costs, and expenses, *see* Mot. at 14, which is less than the minimum statutory damages he seeks. The Court finds that the fourth *Eitel* factor weighs in favor of granting default judgment.

### 4.  Possibility of Factual Dispute; Excusable Neglect

Under the fifth and sixth *Eitel* factors, the Court considers whether there is the possibility of a dispute over any material fact and whether the default was due to excusable neglect. *See Ridola*, 2018 WL 2287668, at *13. There is no evidence that Defendant's failure to participate in the litigation is due to excusable neglect after being properly served with the summons and complaint. ECF No. 15. Defendant has also been served with the entry of default. ECF No. 17. On this record, the Court finds that there is no possibility that Defendant could dispute any material fact or establish that default was caused by excusable neglect. *Good Night Invs., LLC v. Kozlowski*, No. 25-cv-04576-BLF, 2026 WL 962780, at *5 (N.D. Cal. Apr. 9, 2026). The fifth and sixth *Eitel* factors therefore weigh in favor of granting default judgment.

### 5.  Policy Favoring Decision on the Merits

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering a default judgment." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Although "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d. at 1472, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo*,

United States District Court
Northern District of California

7

238 F. Supp. 2d at 1177.  While this factor weighs against granting default judgment, the Court concludes that it is outweighed by the other *Eitel* factors.  *Ridola*, 2018 WL 2287668, at \*13.

### C.  Relief to be Awarded

Because the Court concludes that default judgment is warranted, it now considers Plaintiff's request for relief.  Plaintiff is required to prove the amount of damages, since neither the fact of entry of default itself nor the allegations in the complaint is sufficient to establish the amount of damages.  *See, e.g.*, *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The Court may determine the amount of damages without an evidentiary hearing if "the amount claimed is a liquidated sum or capable of mathematical calculation."  *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

#### 1.  Injunctive Relief

The ADA authorizes injunctive relief for the type of violations alleged by Plaintiff.  *See* 42 U.S.C. § 12188(a)(2).  Injunctive relief is proper when architectural barriers at the defendant's establishment violate the ADA and the removal of the barriers is readily achievable.  *See Moreno v. La Curacao*, 463 Fed. App'x 669, 670 (9th Cir. 2011) (nonprecedential).  Plaintiff has adequately alleged that such is the case here, and an injunction requiring the removal of readily removable barriers is accordingly appropriate.

#### 2.  Damages

Plaintiff requests the minimum statutory damages under the Unruh Act of $4,000 per incident.  Plaintiff claims that he encountered barriers to access during two visits to the Facilities. FAC ¶¶ 1–2.  Plaintiff has established the other elements of his claims for damages, i.e., that access violations existed which he encountered.  He has also established that he had knowledge of the barriers and that he experienced difficulty, discomfort or embarrassment, as required by California Civil Code § 55.56.  *See* FAC ¶¶ 21, 61.  Plaintiff has demonstrated his entitlement to $8,000 in statutory damages.

#### 3.  Attorneys' Fees

The ADA provides for a prevailing plaintiff to recover his or her reasonable attorneys' fees, litigation expenses, and costs. 42 U.S.C. § 12205. An award of attorneys' fees is therefore appropriate under the ADA as Plaintiff has established his entitlement to injunctive relief. A court assessing attorney fees begins with a touchstone or lodestar figure, "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986).

As detailed in counsel's declaration, Plaintiff's counsel has litigated ADA, and related accessibility matters since 2015 and has developed specialized expertise in this area of practice. Plaintiff's counsel's requested rate of $375 per hour is reasonable and consistent with rates approved for attorneys of comparable skill and experience in this District. ECF No. 17-4 ("Karbelashvili Decl.") ¶¶ 5–11. Plaintiff's counsel avers spending a total of 16.6 hours prosecuting this matter. Karbelashvili Decl. ¶ 13. This appears to include about 7.9 hours for drafting the complaint and first amended complaint, 7.8 hours drafting the default judgment motion, and 0.9 hours for administrative tasks. The Court finds these hours slightly excessive due to the template nature of the complaint and the lack of complexity of the default judgment motion, so the Court will reduce each three hours from each category. The administrative hour is a permissible expense. The Court does not find it necessary or appropriate to further adjust the lodestar in the present matter. *See, e.g.*, *Witt v. Ross*, No. 25-cv-02776-BLF, 2026 WL 1215633, at *4 (N.D. Cal. May 4, 2026). The Court will accordingly award attorneys' fees for 10.6 hours at an hourly rate of $375, which is equal to $3,975.

### 4. Litigation Expenses

The Court may order costs other than attorney's fees to the prevailing party in an action unless federal law or the rules of civil procedure provide otherwise. Fed. R. Civ. P. 54(d)(1). In the Northern District of California, "Civil Local Rule 54-3 provides recovery only of the following: fees for filing and service of process, reporters' transcripts, depositions, reproduction

and exemplification, witness expenses, fees for masters and receivers, costs on appeal, and costs on bonds and security." *J & J Sports Prods., Inc. v. Rodriguez*, No. 13-cv-05551-BLF, 2014 WL 2931218, at *4 (N.D. Cal. June 27, 2014). Plaintiff seeks litigation expenses in the amount of $976.02, including a $405 filing fee, $258.12 service of process fees, and $312.90 in inspector fees. Karbelashvili Decl. ¶ 13; *see also* ECF No. 17-3 ("Marquis Decl."). These fees fall within the permissible categories, so the Court will award them.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

(1) Plaintiff's Motion for Default Judgment is GRANTED. Judgment is entered in favor of Plaintiff James Alger and against Defendant Rodney Riggs on each of Plaintiff's claims.

(2) By December 31, 2026, Defendants are ORDERED to bring the subject premises into compliance with the 2010 ADA Standards for Accessible Design and 2025 California Building Code ("CBC") as follows:

    a. Interior Aisle Widths: Defendant shall reconfigure interior aisles to comply with accessibility requirements, including a minimum width of forty-four inches (44") where serving elements are provided on both sides, and no less than thirty-six inches (36") minimum continuous width.

    b. Turning Space at Aisle Intersections: Defendant shall provide compliant turning space at aisle intersections and dead-end.

    c. Reach Ranges: Operable parts of controls, dispensers, and/or receptacles to be placed within reach.

(3) The total judgment entered in favor of Plaintiff and against Defendant is $12,951.02. This includes $8,000 in statutory damages, $3,975 in attorneys' fees, and $976.02 in litigation expenses.

**IT IS SO ORDERED.**

Dated: June 16, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California